## Case No. 5,690.

### In re GRANT et al.

[5 Law Rep. 303.]

Circuit Court, D. Massachusetts. 1843.

BANKRUPTCY—COLLATERAL SECURITY — SALE OF— JURISDICTION OF CIRCUIT COURT IN.

1. A creditor of a bankrupt, who holds collateral security for his debt, may, in the discretion of the district court, be permitted to take such collateral security at its value, to be ascertained under the direction of the court, and prove his debt for the residue.

2. Or the district court may order such security to be sold, or may ascertain its value by an appraisement, or in any other mode satisfactory to the court, or may allow the creditor to take it at its full nominal value.

[Cited in Re Bousfield, Case No. 1,702.]

3. The circuit court has no authority to entertain questions in bankruptcy, adjourned from the district court, unless they are distinctly raised.

[In bankruptcy. In the matter of Benjamin B. Grant and others.]

This case came up before the district court [case unreported] upon the report of a commissioner (William Gray) preparatory to a dividend, in which several questions were raised for the decision of the court. It appeared, that the American Bank held certain collateral securities, which the corporation desired to assume at their actual value, deducting the amount from their claim. At the coming in of the report, the district judge made an order, "that the questions submitted by the commissioner in the accompanying report, and also the questions, whether a creditor of a bankrupt who holds collateral security for his debt, may be permitted to take such collateral at its value, to be ascertained under the direction of the court, and prove his debt for the residue; or whether such collateral shall be sold for the benefit of the creditor, and he be permitted to prove for the residue, or in what manner such collateral shall be disposed of and to what extent such creditor shall be allowed to prove his debt, be adjourned into the circuit court, to be there heard and determined."

Mr. Parsons and P. W. Chandler, for the American Bank. No opposition was made on the other side.

STORY, Circuit Justice. The two questions, adjourned into this court, involve alternative views, and, therefore, may be conveniently considered together. The real point in both of them is, what is to be done in cases, where a creditor, who proves a debt, holds collateral securities therefor? Are those securities in all cases to be sold and the creditor to be permitted to prove for the residue of his debt? Or may the creditor under the direction and sanction of the court, be permitted to take the securities at their true value, that value being ascertained under the direction of the court; and to prove for the residue of his debt? Upon these questions, I do not profess to feel any real difficulty. The whole proceedings in bankruptcy are on the equity side of the court; and whatever a court of equity might do in the exercise of its general jurisdiction over subjects, requiring a like interposition, may properly be done by the district court, in cases of bankruptcy. There can be no doubt, that a creditor, holding securities, is enabled to prove his debt upon his offer to surrender and actually surrendering those securities, to be disposed of according to the order and direction of the court, and that he is entitled to prove his debt, deducting the true value of the securities therefrom, that true value when ascertained, being paid or applied by the court for the exclusive benefit of such creditor. How, then, is such value to be ascertained by the court? Must it be ascertained by a sale of the securities by the court in all cases? Or may it be ascertained by an appraisement, or by allowing the creditor to take the same at the nominal value, or in any other manner, which the court may deem for the true interest, and benefit of all concerned in the estate, if there is no objection by the bankrupt, or any of the other creditors, or other party in interest;—or in case of objections, if upon full notice and hearing of all parties, the court in the exercise of a sound discretion, deem the one or the other course most for the benefit of all concerned in the estate? My judgment is, that the whole is a matter resting in the sound discretion of the court, upon all the circumstances of each particular case. The court have full authority to ascertain the true value by a sale, or by an appraisement, or in any other mode, which it shall deem best for the interest of all concerned in the estate; or it may allow the creditor to take any one or more or all of the securities at their nominal value, if that is ascertained by the court to be the true and highest value of the security.

I am aware, that the usual course in England, under the bankrupt laws, is for the court to direct a sale of the collateral securities. So it will be found laid down by Mr. Eden, and Mr. Deacon, in their treatises on the bankrupt laws. Eden, Bankr. Laws, pp. 104–110, c. 7, § 3; 1 Deac. Bankr. (Ed. 1827) pp. 178–180, c. 2. But this, as I apprehend, is a matter in the mere discretion of the court, and is resorted to as generally the most safe, convenient, and satisfactory mode of ascertaining the true value. But it is by no means the only mode, which the court is authorized to resort to, in the exercise of its discretion. On the contrary, cases may, and indeed, do often occur, in which the resort to a sale would be injurious to the interests of all concerned in the estate, as tending to unnecessary delays and expenses. Suppose,

for example, a creditor holds negotiable paper alone as security, and he is ready and willing to take that paper, because he has confidence that the parties thereto are solvent, at its full nominal value. Surely it would be absurd to say, that nevertheless he should not be at liberty to take it, but it should be sold at auction, where it might possibly bring a less price, and at all events load the security with expenses to be deducted from its value. But if there were any practical difficulty in England, under their bankrupt laws, as to the jurisdiction and authority of the court to ascertain the value of collateral securities, otherwise than by a sale, there is not, in my judgment, the least doubt under our bankrupt act of 1841 [5 Stat. 440], to maintain the most ample jurisdiction and authority to order either a sale, or an appraisement, or any other satisfactory mode to ascertain the true value of the securities, or to allow the creditor to take them at their true nominal value. I shall direct a certificate to be sent accordingly to the district court. The argument on behalf of the American Bank, has presented some other points for the consideration of this court, growing out of the report of the master. But these points are not involved in the questions submitted to this court, and, therefore, I have no authority to entertain them.

The certificate was as follows:

"Circuit Court of the United States, Massachusetts District. In Bankruptcy. In the Matter of Benjamin B. Grant and others. It is ordered by the court, that the following answers be certified to the district court, upon the questions adjourned into this court, upon the petition of the American Bank, to be heard and determined. First, that a creditor of a bankrupt, who holds collateral security for his debt, may be permitted to take such collateral security at its value, to be ascertained under the direction of the district court, and prove his debt for the residue, if in the exercise of the discretion of the district court, it shall see fit so to order it as being for the benefit of all concerned in interest in the estate of the bankrupt. But not unless the court shall see fit so to order it. Second, the district court has authority in the exercise of a sound discretion, if it shall deem it for the best interest of all concerned in interest in the bankrupt's estate, to order such collateral security to be sold, or to ascertain the value by an appraisement, or in any other mode satisfactory to the court, or to allow the creditor to take the same collateral security, at its full nominal value if he shall elect so to do; and in all cases, where the collateral security shall be surrendered by the creditor, to be disposed of by the court for his benefit, and the benefit of the bankrupt's estate as aforesaid, the creditor shall be entitled to the true value of the security so ascertained as aforesaid, and shall have a right to prove his debt against the bankrupt's estate, after deducting the true value as aforesaid of such security. Joseph Story, One of the Justices of the Supreme Court of the United States."